UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INS. CO.,<br><br>Plaintiff<br><br>v.<br><br>JERRY GODLEY and UNITED STATES POSTAL SERVICE,<br><br>Defendants | 08cv2939<br>JUDGE SHADUR<br>MAG. JUDGE NOLAN<br><br>Assigned Judge:<br><br>Designated Magistrate Judge: |

FILED
J.N
MAY 21 2008
MICHAEL W. DOBBINS
COURT

## COMPLAINT

NOW COMES Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorneys, LAW OFFICES OF STEVEN D. GERTLER & ASSOCIATES, LTD., and in complaining of Defendants, JERRY GODLEY and UNITED STATES POSTAL SERVICE, states as follows:

1. That this lawsuit is brought pursuant to Title 28 of the Untied States Code under statutes collectively known as the Federal Tort Claims Act, including but not limited to 28 U.S.C. Sec. 1346(b).

2. That pursuant to 28 U.S.C. Sec.2675, an administrative claim was made upon Defendant United States Postal Service and was denied, and this matter is brought within the statutory period.

3. That on or about May 31, 2007 JUAN R. QUINTANILLA (hereinafter referred to as the "ASSURED"), was the owner of a certain motor vehicle which was parked facing in a northerly direction along and upon a public street or highway known as 2120 South Michigan Avenue, in the City of Chicago, County of Cook and State of Illinois.

4. That on said date, IRENE GARDNER was the operator of a certain motor vehicle proceeding along and upon a public street or highway known as Michigan Avenue, in the City, County and State aforesaid.

5. That on said date and at said place, IRENE GARDNER was an employee of Defendant UNITED STATES POSTAL SERVICE, and was then and there performing her duties in the ordinary scope of her employment with said Defendant.

6. That on said date, Defendant JERRY GODLEY was the operator of a certain motor vehicle proceeding along and upon a public street or highway known as Michigan Avenue, in the City, County and State aforesaid.

7. That Defendants, individually or by a duly authorized agent, had

a duty to exercise reasonable care in the operation of their vehicles so as to avoid damage to the ASSURED's vehicle.

8. That despite said duty, the Defendants, individually or by a duly authorized agent, were then and there guilty of one or more of the following negligent acts or omissions:

    a. Carelessly and negligently operated said vehicle(s);

    b. Carelessly and negligently failed to keep a proper or any lookout for the ASSURED's vehicle or any vehicle;

    c. Carelessly and negligently operated said vehicle(s) at an excessive rate of speed, or failed to decrease the speed of said vehicle(s) in order to avoid collision with the ASSURED's vehicle;

    d. Carelessly and negligently failed to apply brakes in order to avoid collision with the ASSURED's vehicle;

    e. Carelessly and negligently changed lanes when it was unsafe to do so;

    f. Carelessly and negligently made a U-turn when it was unsafe to do so;

    g. Carelessly and negligently failed to equip said vehicle(s) with proper and sufficient brakes;

    h. Carelessly and negligently failed to equip said vehicle(s) with proper and sufficient mirrors.

9. That as a direct and proximate result of one or more of the foregoing, the vehicle operated by IRENE GARDNER and the vehicle operated by Defendant JERRY GODLEY collided, after which the vehicle operated by IRENE GARDNER struck the parked vehicle of the ASSURED.

10. That by reason of and as a direct and proximate result of the aforesaid careless and negligent acts or omissions of the Defendants, the ASSURED's vehicle was greatly damaged, depreciated in value, and the ASSURED was caused to repair or replace the vehicle and was deprived of the use of same.

11. That the ASSURED was covered for part or all of the aforesaid damage or loss under a certain automobile insurance policy with the Plaintiff which provided, in part, that the ASSURED was to pay a certain deductible and Plaintiff was to pay the excess thereof.

12. That pursuant to said insurance policy, the ASSURED has signed and transferred to Plaintiff all claims and demands against any other party, persons, or property, or a corporation arising from, or connected with, such damage and loss, and/or based upon the common law right of subrogation by virtue of Plaintiff's payment of

the ASSURED's expenses, Plaintiff is thereby subrogated in the place of the ASSURED to the claims and demands of the ASSURED, against said party, persons, or property. Plaintiff is also subrogated to the amount of the ASSURED's deductible pursuant to Sec. 143(b) of the Illinois Insurance Code, 215 ILCS 5/143(b).

13. That the Plaintiff actually paid on behalf of the ASSURED various monies for the ASSURED's damages, and the ASSURED incurred a deductible, totalling the sum of $2267.13, and Plaintiff is now the bona fide subrogee for the amounts so paid by Plaintiff.

WHEREFORE, Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, prays for this Court to award Judgment for the Plaintiff and against the Defendants JERRY GODLEY and UNITED STATES POSTAL SERVICE in the amount of $2267.13, plus costs of suit.

LAW OFFICES OF STEVEN D. GERTLER
& ASSOCIATES, LTD.

DAVID E. ARTMAN
Attorney for Plaintiff

LAW OFFICES OF STEVEN D. GERTLER & ASSOC., LTD.
Attorney for Plaintiff
415 N. LaSalle St., Ste. 402
Chicago, Illinois 60610
(312) 781-6868
Attorney No.